# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 8, 2017

**VIA ECF**
Hon. Sandra L. Townes, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4B South
Brooklyn, NY 11201-1804

> **Re:**   **Nazarov, *et al.* v. NYC Wheels Car Service, Inc., *et ano.***
> **Case No.: 1:16-cv-7117 (SLT) (PK)**
> **MLLG File No.: 41-2017 _____**

Dear Judge Townes:

This office represents Defendants NYC Wheels Car Service Inc. (hereinafter "NYC" or the "Corporate Defendant") and Arsen Avakyan (hereinafter "Avakyan" or the "Individual Defendant") (the "Corporate Defendant" and the "Individual Defendant" hereinafter the "Defendants") in the above-referenced matter. Defendants move pursuant to this Court's Individual Motion Practices & Rules (hereinafter "Individual Rules") ¶ III(A) for a pre-motion conference in anticipation of Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule"). Plaintiff Batir Nazarov (hereinafter "Plaintiff" or "Nazarov") commenced this action alleging violations of the Fair Labor Standards Act (hereinafter the "FLSA") and the New York Labor Law (hereinafter "NYLL") for allegedly failing to pay overtime as well as "notice violations" and "wage statement violations." See Docket Entry 1.

Summary judgment is warranted on all claims because Defendants were not employers of Plaintiff under the FLSA and the NYLL as Plaintiff was an independent contractor. See Saleem v. Corporate Transp. Group, Ltd., 52 F. Supp. 3d 526 (2014), aff'd, 854 F.3d 131 (2d Cir. 2017). In addition, even assuming *arguendo* that Plaintiff was an employee, Plaintiff was exempt from overtime under the taxicab exemption. See Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc., No. 15-CV-9368 (JPO), 2017 WL 2973980, at *9 (S.D.N.Y. July 12, 2017); see also 29 U.S.C. § 213(b)(17); NYLL § 651(5)(e). Moreover, there is no enterprise coverage nor individual coverage under the FLSA in this case as no interstate commerce whatsoever was performed. See Kaur v. Royal Arcadia Palace, Inc., 643 F. Supp. 2d 276, 292 (E.D.N.Y. 2007).

## Legal Standard

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

Hon. Sandra L. Townes, U.S.D.J.
United States District Court Eastern District of New York
December 8, 2017
P a g e | **2**

**Defendants are Entitled to Summary Judgment Because Plaintiff was an Independent Contractor while he Performed Services for Defendants as a Black Car Driver**

Plaintiff is a licensed for-hire vehicle "black car" driver with the New York City Taxi & Limousine Commission (hereinafter the "TLC"). Courts have routinely ruled that such drivers are independent contractors under both the FLSA and the NYLL. See Saleem, *supra*. In assessing whether an individual is an employee under the FLSA, courts in this Circuit consider the following factors:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

See Brock v. Superior Care, Inc., 840 F.2d 1054, 1058–59 (2d Cir.1988); see also Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013). The overriding consideration under the FLSA is the "economic reality" of the relationship—that is, whether "the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." See Brock, 840 F.2d at 1059.

In determining whether a worker is an employee or independent contractor under the NYLL, courts consider factors similar to those used in the FLSA inquiry, although with a slightly different emphasis. Specifically, courts consider the factors outlined in Bynog v. Cipriani Group, Inc., 1 N.Y.3d 193 (2003): "whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule." Id. at 198, 770 N.Y.S.2d 692; see also Browning v. Ceva Freight, LLC, 885 F.Supp.2d 590, 598 (E.D.N.Y. 2012).

Here, there was no control exercised by Defendants over Plaintiff as the evidence adduced in discovery establishes that Plaintiff was free to work whenever he wanted – whether for the day or part of the day – and Plaintiff was free to accept or reject work on a fare-by-fare basis using an application on his own phone or on a tablet provided by Defendants upon request. Indeed, Plaintiff himself testified that he asked to not be provided any fares earlier than 7:00 AM, and acknowledged that he determined what route he drove, was never disciplined for any issue such as tardiness or absenteeism. Indeed, the only rules Plaintiff followed while performing services for Defendants were the rules enforced by the TLC, which Plaintiff acknowledged at his deposition.

As to Plaintiff's opportunity for profit or loss and investment in his business, Plaintiff identified himself as a sole proprietor on his tax return in the driving business, expensed various costs associated with his driving business, purchased a GPS system at his own cost, rented his vehicle on a weekly basis, purchased gasoline for the vehicle he rented, and incurred various other expenses.

Hon. Sandra L. Townes, U.S.D.J.
United States District Court Eastern District of New York
December 8, 2017
P a g e | **3**

Plaintiff sought his TLC license prior to beginning to perform services for Defendants and took the initiative to do so at his own cost, and was never trained or monitored by Defendants in the performance of his services.  Plaintiff was free to cease performing services for Defendants or work for competitors using the vehicle he rented so long as he paid weekly rent for the vehicle.  As such, Plaintiff is an independent contractor under the FLSA.

The same conclusion applies under the NYLL.  The facts adduced in discovery readily establish that Plaintiff worked at his own convenience.  This was demonstrated by Plaintiff when he rejected all fares earlier than 7:00 AM and when he rejected fares by disappearing in the middle of the day on days he performed services for Defendants.  Plaintiff was free to engage in other employment, and while Plaintiff denies doing so, the evidence adduced in discovery establishes that Plaintiff did not perform any fares for Defendants for long stretches of time in between fares, likely because he was performing services for other corporations or individuals.  Finally, Plaintiff never received any fringe benefits, was never on Defendants' payroll, and was not on a fixed schedule.  Accordingly, Plaintiff is an independent contractor under the NYLL.

## **Defendants are Exempt from Overtime Requirements for Drivers under the Taxicab Exemption**

The FLSA provides that it "shall not apply with respect to... (1) any driver employed by an employer engaged in the business of operating taxicabs." See Cariani v. D.L.C. Limousine Serv., Inc., 363 F. Supp. 2d 637, 638 (S.D.N.Y. 2005) (citing 29 U.S.C. § 213(b)(17)).  Chapter 24h of the Department of Labor Field Operations Handbook (1999 ed.) defines the term "business of operating taxicabs:"

> 24h01 "Business of operating taxicabs." The taxicab business consists normally of common carrier transportation in small motor vehicles of persons and such property as they may carry with them to any requested destination in the community. The business operates without fixed routes or contracts for recurrent transportation. It serves the miscellaneous and predominantly local transportation need of the community. It may include such occasional and unscheduled trips to or from transportation terminals as the individual passengers may request, and may include stands at the transportation terminals as well as at other places where numerous demands for taxicab transportation may be expected.

Here, Defendants fall squarely within the regulatory definition promulgated by the United States Department of Labor.  Plaintiff operated a small motor vehicle transporting passengers and their property to any requested destination in the community (here, the five boroughs of New York City).  There were no fixed routes and there were no contracts for recurrent transportation, and Defendants serve the miscellaneous and predominantly local transportation need of the community as set forth in the definition.

Hon. Sandra L. Townes, U.S.D.J.
United States District Court Eastern District of New York
December 8, 2017
P a g e | **4**

Indeed, numerous courts have applied the taxicab exemption to businesses such as the Defendants.  See Cariani, *supra*; see also Munoz-Gonzalez, *supra*; Arena v. Plandome Taxi Inc., No. 12-CIV.-1078 (DRH) (WDW), 2014 WL 1427907 (E.D.N.Y. Apr. 14, 2014); Arena v. Delux Transp. Servs., Inc., 2014 WL 794300, at *7 (E.D.N.Y. Feb. 25, 2014); NYLL §§ 651(5)(e); 12 N.Y.C.R.R. § 142–2.2 (incorporating the FLSA exemptions under the NYLL).

Accordingly, summary judgment must be granted to Defendants under the taxicab exemption.

**The Lack of Interstate Commerce Requires Summary Judgment on Plaintiff's FLSA Claim**

No individual coverage exists under the FLSA because Plaintiff did not engage in interstate commerce as a regular and recurrent part of his duties.  See 29 C.F.R. 776.10(b); see also Kaur v. Royal Arcadia Palace, Inc., 643 F. Supp. 2d 276, 292 (E.D.N.Y. 2007) (quoting 29 C.F.R. § 779.103); Remmers v. Egor, 332 F.2d 103, 104 (2d Cir. 1964).

Similarly, no enterprise coverage exists because Defendants do not have any employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and ... [its] annual gross volume of sales made or business done is not less than $500,000."  See 29 U.S.C. § 203(s)(1).

Here, Plaintiff testified during his deposition that he never left the State of New York in the performance of his driving services for Defendants.  Plaintiff also testified that he never handled any goods in commerce and only transported people.  Accordingly, Plaintiff did not engage in any interstate commerce and Defendants cannot be found to have engaged in commerce.

Accordingly, Defendants respectfully request a pre-motion conference to further discuss their anticipated motion for summary judgment.  Defendants thank this Court for its time and attention to this matter.

Dated: Lake Success, New York
December 8, 2017                          Respectfully submitted,

                                         **MILMAN LABUDA LAW GROUP PLLC**
                                         _____/s_____
                                         Emanuel Kataev, Esq.
                                         3000 Marcus Avenue, Suite 3W8
                                         Lake Success, NY 11042-1073
                                         (516) 328-8899 (office)
                                         (516) 303-1395 (direct dial)
                                         (516) 328-0082 (facsimile)
                                         emanuel@mllaborlaw.com

cc:      Plaintiff – via ECF.