# EXHIBIT B

| | |
|---|---|
| **From:** | Emanuel Kataev |
| **To:** | Alex Umansky |
| **Subject:** | RE: Nazarov, et al. v. NYC Wheels Car Service, Inc., et ano.; 1:16-cv-7117 (SLT) (PK) - subpoenas and third party discovery. |
| **Date:** | Thursday, December 07, 2017 3:03:57 PM |
| **Attachments:** | image001.png |

Alex:

I sent them to our process server for service today. When I receive the affidavits of service from the process server, I will send them to you (though I do not believe Rule 45 requires me to do so). Rule 45 does not require me to wait until you make the motion to quash (and receive a decision on that motion) before I serve the subpoenas. It requires that I give you notice of the subpoenas and a copy of said subpoenas before I serve them. I did that.

I disagree with your contention that I must complete the "necessary information" on the second page of the subpoena prior to giving you notice of the subpoena. The second page of the subpoena is a form affidavit of service. Had that been completed prior to my giving you notice, I would have violated Rule 45(a)(4).

I also disagree with your contention that I have to indicate exactly when I will serve the subpoenas. I am merely required to give you a copy of the subpoenas before I serve them.

Regards,
**Emanuel Kataev, Esq.**
**Associate**
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

This message and its attachments may contain confidential information that is legally privileged. If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding, or saving of this message is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete the message and any attachment from your system.

**From:** Alex Umansky [mailto:aumansky@mosheslaw.com]
**Sent:** Thursday, December 07, 2017 2:59 PM
**To:** Emanuel Kataev <Emanuel@mllaborlaw.com>
**Subject:** RE: Nazarov, et al. v. NYC Wheels Car Service, Inc., et ano.; 1:16-cv-7117 (SLT) (PK) - subpoenas and third party discovery.

Emanuel,

You're mistaken as to the intent of the notice requirement under Rule 45. Either way, the subpoenas you e-mailed claiming you "intend to submit" by today, contain incomplete affidavits of service. Plaintiff requests that in order to satisfy your notice requirements under Rule 45, you must complete the necessary information on the subpoenas before serving same. You also have to indicate exactly when you will serve the subpoenas, and not when you intend to do so.

Best regards,

Alex Umansky
Partner
**Law Office of Yuriy Moshes, P.C.**

322 West 48th Street, 6th FL
New York, NY 10036
Office: (718) 504-6090 x8004
Fax:      (646) 843-7570
Email:    aumansky@mosheslaw.com
Website: www.mosheslaw.com



CONFIDENTIALITY STATEMENT: THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION. It is intended only for the use of the addressee. If the person actually receiving this communication or any other reader of the communication is not the named recipient, or the employee or agent responsible to deliver it to the recipient, any use, dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, please immediately notify us by return e-mail, and DESTROY this communication and all copies thereof, including all attachments.

---

**From:** Emanuel Kataev [mailto:Emanuel@mllaborlaw.com]
**Sent:** Thursday, December 07, 2017 2:26 PM
**To:** Alex Umansky
**Subject:** RE: Nazarov, et al. v. NYC Wheels Car Service, Inc., et ano.; 1:16-cv-7117 (SLT) (PK) - subpoenas and third party discovery.

Alex:

Rule 45(a)(4) requires that I give you prior notice before serving. It does not provide that I <u>not</u> serve the subpoena until your anticipated motion to quash is filed.

The Court in <u>Mirra v. Jordan</u> handled a case where <u>no</u> notice was given. Here, notice was given and, as a result, Defendants complied with Rule 45.

As such, Defendants do not intend to hold off on serving the subpoenas.

Regards,
**Emanuel Kataev, Esq.**
**Associate**
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

This message and its attachments may contain confidential information that is legally privileged. If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding, or

saving of this message is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete the message and any attachment from your system.

**From:** Alex Umansky [mailto:aumansky@mosheslaw.com]
**Sent:** Thursday, December 07, 2017 1:23 PM
**To:** Emanuel Kataev <Emanuel@mllaborlaw.com>
**Subject:** RE: Nazarov, et al. v. NYC Wheels Car Service, Inc., et ano.; 1:16-cv-7117 (SLT) (PK) - subpoenas and third party discovery.

Emanuel,

Plaintiff objects to the subpoenas you intend to serve on Lyft, Uber, and MetroPCS. Further, Plaintiff intends to move to quash said subpoenas. Accordingly, pursuant to Rule 45(a)(4), you have a duty not to serve the subpoenas until the Court rules on the motion to quash.

See Mirra v. Jordan, 2014 U.S. Dist. LEXIS 77065, at *7-9 (S.D.N.Y. May 28, 2014)

I. Rule **45(a)(4)**
Rule **45(a)(4)** of the Federal Rules of Civil Procedure provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . then *before* it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." Fed. R. Civ. P. **45(a)(4)** (emphasis added). For each of the 121 third-party subpoenas in dispute, Defendant failed to give [*8] prior notice to Plaintiff, Struble Aff. ¶ 6, and thus violated Rule **45(a)(4)**.

A. The Non-noticed Subpoenas
Rule **45(a)(4)**'s prior notice requirement "has important underpinnings of fairness and efficiency." *Cootes Drive LLC v. Internet Law Library, Inc.*, No. 01 Civ. 877, 2002 U.S. Dist. LEXIS 4529, 2002 WL 424647, at *2 (S.D.N.Y. Mar. 19, 2002). Notice allows other parties "an opportunity to object to [*9] the production or inspection, or to serve a demand for additional documents and things." *Id.* (citation omitted); *see also Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000). Accordingly, the notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena. *Cootes Drive*, 2002 U.S. Dist. LEXIS 4529, 2002 WL 424647, at *2 (reiterating order quashing subpoena "solely on the lack of prior notice"); *Schweizer*, 93 F. Supp. 2d at 412 (footnote omitted) ("the subpoena, had it not been withdrawn, would properly be quashed").
The 121 subpoenas issued by Defendant in violation of Rule **45(a)(4)**'s (formerly Rule 45(b)(1)'s) requirement of prior notice to the adversary are quashed, and Defendant must inform all recipients of the 121 subpoenas that the subpoenas are quashed and no responsive documents should be produced. To the extent Defendant has already received information or documents in response to any of the 121 subpoenas, Defendant is enjoined from reviewing any such information, must return such information to the producing party, and must provide Plaintiff with notice of such information. *Cf. EEOC v. Tony's Lounge, Inc.*, 2009 U.S. Dist. LEXIS 71492, 2009 WL 2486764, at *2 (S.D. Ill. Aug. 13, 2009) (ordering defendants not to use any information received through a subpoena issued without prior notice).
With respect to the FOIL requests you intend to serve on DMV and TLC, good luck with that.
Best regards,

Alex Umansky

Partner
## Law Office of Yuriy Moshes, P.C.

322 West 48th Street, 6th FL
New York, NY 10036
Office: (718) 504-6090 x8004
Fax:     (646) 843-7570
Email:   aumansky@mosheslaw.com
Website: www.mosheslaw.com



CONFIDENTIALITY STATEMENT: THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION. It is intended only for the use of the addressee. If the person actually receiving this communication or any other reader of the communication is not the named recipient, or the employee or agent responsible to deliver it to the recipient, any use, dissemination, distribution or copying of this communication is STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, please immediately notify us by return e-mail, and DESTROY this communication and all copies thereof, including all attachments.

---

**From:** Emanuel Kataev [mailto:Emanuel@mllaborlaw.com]
**Sent:** Wednesday, December 06, 2017 8:38 PM
**To:** Alex Umansky
**Subject:** Re: Nazarov, et al. v. NYC Wheels Car Service, Inc., et ano.; 1:16-cv-7117 (SLT) (PK) - subpoenas and third party discovery.

Alex:

Attached and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, please see subpoenas and Freedom of Information Law ("FOIL") request I intend to submit tomorrow.

Regards,
**Emanuel Kataev, Esq.**
**Associate**
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

This message and its attachments may contain confidential information that is legally privileged. If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding, or saving of this message is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete the message and any attachment from your system.